UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ARDELL JENKINS, | Case No. 18-CV-2751 (NEB/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| HENNEPIN COUNTY MEDICAL CENTER, | |
| Defendant. | |

Plaintiff Ardell Jenkins did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action is taken in this matter.

After review of that IFP application, this Court concludes that Jenkins qualifies financially for IFP status. Nevertheless, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court

must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Jenkins alleges that defendant Hennepin County Medical Center ("HCMC") offered treatment to a pregnant woman who had arrived before him but who, Jenkins contends, was not in as much pain as he was.[1] *See* Compl. at 3-4 [ECF No. 1]. Although Jenkins claims the existence of a question of federal law raised by this lawsuit, he does not invoke any specific federal statute on which he seeks relief, and none occurs to this Court. Jenkins claims nothing more than that HCMC offered treatment to a person ahead of him in line. This is not a violation of federal law.

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

---

[1] Jenkins alleges that he had a "problem with my rotater [sic] in my arm." Compl. at 3-4.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* of plaintiff Ardell Jenkins [ECF No. 2] be DENIED.

Dated: October 23, 2018          *s/Tony N. Leung*_____
                                 Tony N. Leung
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).